UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 2:14-cr-20199
                                                 Honorable Victoria A. Roberts

Ardale Clark,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S HABEAS CORPUS PETITION

### I. Introduction

Ardale Clark filed a *Pro se* 28 U.S.C. § 2255 petition for a writ of Habeas Corpus on January 10th, 2018. Clark contests the 106 month sentence he received following his plea of guilty to possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). Clark argues the 2017 Supreme Court decision, *Dean v. United States*, requires this Court to resentence him, applying the rule announced in *Dean* retroactively. For the reasons outlined below, Clark's motion is denied.

### II. Factual Background

Clark's § 924(c) conviction carried a 60 month mandatory minimum sentence. When determining the length of Clark's § 841(a)(1) sentence, this Court followed Sixth Circuit precedent, *U.S. v. Franklin*, 622 F.3d 650 (6th Cir. 2010), and did not consider the possibility of giving Clark concurrent sentences or a shorter § 841(a)(1) sentence to offset the 60 month sentence already imposed. However, in *Dean*, the Supreme Court held that sentencing courts can exercise discretion and consider § 924(c) mandatory minimums imposed when calculating an appropriate sentence for the predicate offense to avoid unduly long sentences. *Dean v. United States*, 137 S. Ct. 1170 (2017). Clark's habeas petition asserts that the rule in *Dean*

1

"entitle[s]" him to have the § 841(a)(1) charge resentenced without the rule in *Franklin* preventing a concurrent or shorter § 841(a)(1) sentence. *Id.*

Clark moves the court, in accordance with *Teague v. Lane*, to retroactively apply the rule in *Dean* to his sentence. *Teague v. Lane*, 489 U.S. 288 (1989).

### III. Legal Standard

This Court will conduct a de novo review of the legal issues raised in Petitioner's § 2255 motion. However, unless clearly erroneous, the factual findings of the trial court stand as true. *U.S. v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). This Court will grant Clark's motion if he can demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Whitsell v. United States*, No. 17-cv-12691, 2018 WL 317869, at *1 (E.D. Mich. Jan. 8, 2018) (quoting *Doyle*, 631 F.3d at 817).

### IV. Discussion

Clark argues that *Dean* demonstrates "an error of constitutional magnitude" existed in his case and requires this Court to vacate and resentence him in accordance with *Teague*. However, before this Court can review Clark's *Teague* argument, the Court must decide whether Clark's petition is even timely.

**A. Clark's Petition is Timely**

The Government says the Court should dismiss Clark's challenge to a sentence imposed nearly four years ago – well beyond the one year statute of limitations allowed in 2255(f)(1). Clark argues that § 2255's one-year statute of limitations does not bar his claim because of the doctrine of equitable tolling. Courts sparingly use equitable tolling in habeas cases and only when the statute of limitations has run.

However, the Court need not reach the doctrine of equitable tolling because the statute of limitations under § 2255(f)(3) is not expired. § 2255(f)(3) provides that the one-year period of limitations can start on the date when the Supreme Court announced the rule Petitioner uses, if

2

the rule is to apply retroactively. The Supreme Court decided *Dean*, the rule Petitioner uses as the basis for resentencing, on April 3rd, 2017. Clark filed on January 10th, 2018, making his Petition timely under § 2255(f)(3), if *Dean* is applied retroactively. The Court now considers the merits of Petitioner's argument on the retroactive applicability of *Dean*.

**B. Retroactive Application of *Dean***

The retroactivity of *Dean* depends on whether the rule it announced is a new or old rule. Old rules merely clarified by a Supreme Court ruling retroactively apply to both direct and collateral reviews. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). New rules, however, retroactively apply only to direct appeals unless the new rule fits one of two collateral rule exceptions created by *Teague*. *Whorton*, 549 U.S. at 416; *Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016). A Supreme Court rule is new if it is "not *dictated* by precedent existing at the time the defendant's conviction became final." *Welch v. United States*, 136 S.Ct. 1257, 1264 (2016) (quoting *Teague*, 489 U.S. at 301).

Clark argues correctly – with no objection from the Government – that the *Dean* holding qualifies as a new rule: it directly overrules precedent, such as the Sixth Circuit's *United States v. Franklin*, to allow sentencing courts to consider the length of a § 924(c) mandatory minimum sentence when calculating the length of the sentence for the substantive crime.

But Clark now must demonstrate that *Dean* fits one of the two collateral rule exceptions, which allow only substantive rules or "watershed" procedural rules to apply retroactively.

**The Substantive Rule Exception:**

A rule is substantive when the rule "alters the range of conduct or the class of persons that the law punishes" or prohibits "certain… punishment for a class of defendants because of their status or offense." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)); *Montgomery*, 136 S.Ct. at 732 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989). In contrast, procedural rules only "regulate… the manner of determining the defendant's culpability." *Montgomery*, 136 S.Ct. at 732.

3

Clark argues that the rule in *Dean* is substantive, entitling him to the benefit of *Dean*'s retroactive application to his collateral review. Because *Dean*, like *Montgomery*, ruled on sentencing issues, Clark contends that *Dean*, too, is retroactive.

But the analysis is not that simple. *Montgomery* created a new substantive rule that prohibited life without parole sentences for juvenile homicide offenders. *Id.* However, *Montgomery* is distinguished from *Dean* because, although the rule in *Montgomery* possesses procedural elements, the function of the rule is primarily substantive in that it bans a "certain … punishment" for a specific class of persons. *Id. Dean*, on the other hand, created a rule that merely "regulate[s]… the manner of determining the defendant's culpability" by giving sentencing courts discretion. *Id. Dean*'s holding does not shield a defendant from criminal liability, or from the imposition of certain punishments such as the death penalty or life without parole. For that reason, the Court rejects Clark's contention that *Dean* announced a substantive rule.

### **The Procedural Rule Exception:**

In the alternative, Clark argues that *Dean* is a "watershed" rule in criminal procedure that implicates "the fundamental fairness and accuracy of the criminal proceeding[s]," thus entitling him to retroactive relief. *Beard v. Banks*, 542 U.S. 406, 406, 410 (2004).

In the absence of any actual cases passing the "watershed" standard in recent memory, the Supreme Court repeatedly uses the right-to counsel rule established in *Gideon v. Wainwright* as an example of a rule that qualifies as a "watershed" procedural element. *Whorton*, 549 U.S. at 417. The Supreme Court uses *Gideon* as an example because without counsel, the Court held, a guarantee of "fundamental fairness" and "accuracy" is so tenuous that "the risk of an unreliable verdict is intolerably high." *Id.* at 419.

In contrast to the monumental decision in *Gideon*, courts have "not hesitated to hold less sweeping and fundamental rules outside the [second *Teague]* exception." *Id.* at 418. In *Whorton*, the Supreme Court declined to apply a new rule announced in *Crawford v.*

4

*Washington* that held "'testimonial statements of witnesses absent from trial' are admissible 'only when the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness].'" *Id.* at 406. The Supreme Court ruled that *Crawford* did not damage the fundamental fairness or accuracy of the proceedings. *Id.* at 419. The Supreme Court found the *Crawford* rule too narrow in scope and further found the decision did not affect the accuracy of the fact-finding process in as a "direct and profound" manner as *Gideon* did. *Id.* Therefore, the Supreme Court asserted that the *Crawford* rule did not create an "intolerably high" risk of error as the lack of counsel did in the *Gideon* case. *Id.*

Further, the *Whorton* court held that the *Crawford* rule did not create a "previously unrecognized" procedural rule that proved as fundamental to fairness as *Gideon*'s right to a lawyer did. *Id.* at 421. Instead, *Crawford* created a new rule that merely expanded on "'bedrock' constitutional rule" that, while fundamental, did not alter the very foundation of Constitutional principles as *Gideon* did. *Id.* The Supreme Court thus held that the *Crawford* rule did not so alter the fundamental fairness or accuracy of the proceedings to qualify as a "watershed" rule in criminal procedure.

Cases since *Gideon* teach us that *Teague* sets a high bar for retroactive application. Since *Teague* created the modern framework for retroactive application, none of the new procedural rules the Supreme Court created qualify as "watershed" procedural elements. *Whorton*, 549 U.S. at 417; *Tyler v. Cain*, 533 U.S. 656, 667 (2001) ("This class of rules is extremely narrow, and 'it is unlikely that any … ha[s] yet to emerge.'"); *United States v. Dean* 169 F. Supp. 3d 1097, 1115 (D. Or. 2016).

Similar to the Supreme Court's finding in *Whorton* that found a new cross-examination rule too narrow to apply retroactively, the new rule announced in *Dean* lacks the broadness sufficient to qualify as a "watershed rule of criminal procedure." It is far too narrow to pose a threat to a conviction's soundness for several reasons. First, the rule focuses only on

5

convictions under § 924(c). Second, *Dean* does not create a high risk of error in a conviction because sentencing is dealt with independently and after conviction.

The rule in *Dean*, as in *Whorton*, fails to "alter our understanding" of fundamental fairness and accuracy in a proceeding. Analogous to *Crawford* creating a new rule that stems from a constitutional right, the rule announced in *Dean* did not create a "previously unrecognized" right that needs retroactive application to protect a person's due process under the Constitution. Clark fails to establish that *Dean* is so essential to the accuracy or fundamental fairness of his conviction. Accordingly Clark does not sufficiently demonstrate that *Dean* should apply retroactively.

**C. Petitioner's Precedent**

In his reply brief, Petitioner points to several cases that applied *Dean* retroactively. *In re: James Ronald Hazelwood*, 2017 U.S. App. LEXIS 21254 (6th Cir. Oct. 25, 2017); *United States v. Pearson, Jr.*, 2017 U.S. App. LEXIS 22583 (6th Cir. Nov. 9, 2017). However, these cases were still on direct review. Therefore, the retroactive applicability is determined outside of the *Teague* collateral review analysis, making such precedent not relevant to Clark.

Moreover, even if this Court were to find *Dean* applied retroactively, "'[t]he Supreme Court did not hold that district courts are *required* to factor in § 924(c) mandatory minimums when calculating an appropriate sentence for the predicate offenses,'" as Clark contends.

### IV. Conclusion

Several courts in the Eastern District of Michigan considered cases raising the same issue as Clark; all reached the identical conclusion: *Dean*'s new rule is not eligible for retroactive application on collateral review. *United States v. Harper*, No. 11-20188, 2018 WL 783100, at *3 (E.D. Mich. Feb. 8, 2018); *Whitsell v. United States*, No. 17-cv-12691, 2018 WL 317869, at *3 (E.D. Mich. Jan. 8, 2018) ; *Simmons v. Terris*, No.17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017*)*.

Clark's motion is denied and his Habeas complaint dismissed.

**IT IS ORDERED.**

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: June 29, 2018