UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 14-20199
                                        Honorable Victoria A. Roberts

ARDALE CLARK,

    Defendant.
_____/

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION [ECF No. 35] AND (2) DEEMING
MOOT HIS REQUEST FOR A NEW ATTORNEY [ECF No. 33]**

Upon motion of the Defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court ORDERS that the motion is:

\* \* \*

☒ **DENIED**.

The compassionate release statute only allows the Court to modify a defendant's term of prison if, among other things: (1) he exhausted administrative remedies; and (2) "extraordinary and compelling reasons warrant such a reduction [or release]." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Ardale Clark says he exhausted administrative remedies and that he has

underlying medical conditions which constitute extraordinary and compelling reasons for his release because they place him at an increased risk of severe illness or death from a COVID-19 infection. Particularly, Clark says he is obese, and he has chronic kidney disease and sickle cell trait.

The government says Clark failed to properly exhaust, and his medical conditions do not constitute an extraordinary and compelling reason for release because he received both doses of the Moderna COVID-19 disease. The Court agrees.

In his administrative request, Clark only alleged a general fear of COVID-19. He failed to identify his underlying medical conditions or allege that he had health issues that made him more susceptible to COVID-19. This is insufficient to properly exhaust administrative remedies. Indeed, "[w]here the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before . . . bring[ing] his request to the courts." *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020) (holding that defendant failed to exhaust administrative remedies because his administrative request did not reference any of his health conditions that he claimed as the basis for his motion with the court). The Court must deny Clark's request on this basis alone.

Moreover, the Court also denies Clark's request because he has received both doses of the Moderna COVID-19 vaccine.

According to the Centers for Disease Control and Prevention, the Moderna vaccine has been found to be 94.1% effective in preventing infections in people who receive both doses. *See Information About the Moderna COVID-19 Vaccine*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html [https://perma.cc/6256-8TP8]. The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen.

Absent some shift in the scientific consensus, the Court finds that Clark's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is "extraordinary and compelling" for purposes of § 3582(c)(1)(A). *See, e.g.*, *United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) (Cleland, J.) ("The risk of COVID-19 to [the fully vaccinated] Defendant's health does not warrant the extraordinary remedy of compassionate release."); *United States v. Gabbard*, No. 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) (Cox, J.) (finding that defendant did not establish extraordinary and compelling circumstances that warrant her release – despite suffering from medical conditions that place her at increased risk – because she

received her first dose of the Moderna vaccine and was scheduled to receive her second dose in seven days); *United States v. White*, No. 15-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) (Levy, J.) (denying defendant's motion for compassionate release because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release").

The Court **DENIES** Clark's motion [ECF No. 31].

Clark also filed a request for a new attorney because his attorney was not responsive. However, since that filing, his attorney appeared and filed a supplemental brief. Clark's request for a new attorney [ECF No. 33] is **MOOT**.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: June 29, 2021